[721 NYS2d 671]

In the Matter of STEPHEN ROTHFELD, an Attorney, Resignor.

Second Department, March 12, 2001

**APPEARANCES OF COUNSEL**

*Edwin J. Mulhern*, Carle Place, for resignor.

*Grace D. Moran,* Syosset (*Edward A. Tini* of counsel), for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Stephen Rothfeld has submitted an affidavit, dated October 30, 2000, wherein he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). Mr. Rothfeld was

admitted to the Bar by the Appellate Division of the Supreme Court in the Second Judicial Department, on June 19, 1968.

Mr. Rothfeld has been apprised that the Grievance Committee has adduced evidence of his professional misconduct which would be prosecuted in a disciplinary proceeding authorized by the Court. Mr. Rothfeld admits that he improperly used the sum of $7,000, which he was holding in an escrow account on behalf of his clients, for a failed real estate transaction. Mr. Rothfeld concededly wrote checks payable to himself out of the account to pay his personal debts. He acknowledges that his clients had no knowledge that the funds were used for this purpose, and they did not consent to his use of the funds in that fashion.

As a result of his actions, the respondent was arrested and charged with grand larceny in the third degree (see, Penal Law § 155.35), a class D felony, in December 1999. He is engaged in plea negotiations with the Nassau County District Attorney's office. Mr. Rothfeld acknowledges his inability to successfully defend himself on the merits against any disciplinary charges which the Grievance Committee might initiate against him based on these facts.

Mr. Rothfeld avers that his resignation is freely and voluntarily tendered and that he has not been subjected to coercion or duress. Mr. Rothfeld has discussed his decision to resign with his attorney and with others whose advice and counsel he respects. He is fully aware of the implications of submitting his resignation, including being barred by Judiciary Law § 90 from seeking reinstatement for at least seven years.

Mr. Rothfeld is further aware that, pursuant to Judiciary Law § 90 (6-a), any order permitting him to resign could require him to make monetary restitution to any person whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection. He acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him, and he waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the resignation. It notes that, in light of the pending charge of grand larceny in the third degree, Mr. Rothfeld's counsel has advised that the respondent wishes to submit his resignation as a condition precedent to sentencing in the County Court, Nassau County, before Judge Donald DeRiggi. According to Grievance Counsel, the respondent has agreed to plead guilty

to a misdemeanor and to resign as an attorney in satisfaction of the pending charge.

As Mr. Rothfeld's resignation complies with all pertinent Court rules and regulations, it is accepted, he is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, ACTING P. J., O'BRIEN, RITTER, SANTUCCI and ALTMAN, JJ., concur.

Ordered that the resignation of Stephen Rothfeld is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stephen Rothfeld is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Stephen Rothfeld shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stephen Rothfeld is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.